IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT SCOTT MARCONNETT,

    Plaintiff,

vs.

SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al,

    Defendants.

No. CIV S-09-3369 JAM EFB P

ORDER

_____/

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, two motions to receive medical records, a request for production of documents, and a request for appointment of counsel. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 16. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

1  § 1915(b)(1) and (2).

2  **II.     The Complaint**

3  The complaint alleges the following: On August 31, 2009, plaintiff was housed at the Rio
4  Consumnes Correctional Center.  Dckt. No. 1 at 1.  While plaintiff was in the prone position, on
5  his stomach, and was bleeding profusely from his head, semi-conscious, *id.,* an unidentified
6  deputy approached plaintiff, and despite plaintiff's statements of  "my head and neck!" the
7  deputy jerked both of plaintiff's arms behind his back and placed plaintiff in handcuffs.  *Id.*
8  Plaintiff felt something grind and tear in his right shoulder and yelled "ouch, my [ ] shoulder!"
9  *Id.*  Still on the ground, plaintiff allegedly was dragged by his handcuffs.  *Id.*  Plaintiff was then
10 seen by an unidentified doctor, who put nine staples in the rear side of plaintiff's head and six
11 stitches in the left temple area of plaintiff's head.  *Id.*  The doctor thought plaintiff's shoulder
12 might have been separated and ordered that plaintiff be taken to an outside hospital for x-rays.
13 *Id.* at 2.  Plaintiff was supposed to see an orthopedic doctor upon his return to the Correctional
14 Center, but he was not seen by an orthopedic doctor until October 21, 2009.  *Id.*   The orthopedic
15 doctor allegedly asked plaintiff "why did it take so long for you to be seen?"  *Id.*  The orthopedic
16 doctor recommended that plaintiff receive immediate surgery on his shoulder.  *Id.*  The next day,
17 plaintiff saw the unidentified doctor who previously gave plaintiff stitches.  *Id.*  That doctor
18 allegedly laughed at plaintiff's request for a consultation with an orthopedic surgeon and for
19 surgery, and told plaintiff he would not receive medical attention until plaintiff was transferred
20 into the custody of the California Department of Corrections and Rehabilitation.  *Id.*  Plaintiff is
21 in severe pain and claims to be denied adequate pain relievers.  *Id.* at 3.  Plaintiff also claims he
22 is housed in general population, injured and unable to defend himself, and that he should be
23 housed in the medical unit.  *Id.*

24 **III.    Screening Order**

25 Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in
26 which a prisoner seeks redress from a governmental entity or officer or employee of a

1 governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable
2 claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,
3 malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief
4 from a defendant who is immune from such relief." *Id.* § 1915A(b).

5      A district court must construe a pro se pleading "liberally" to determine if it states a
6 claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
7 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While
8 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
9 action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct.
10 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff
11 must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
12 plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

17 *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the
18 framework of a complaint, they must be supported by factual allegations, and are not entitled to
19 the assumption of truth.  *Id.* at 1950.

20      The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

24 42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts
25 establish the defendant's personal involvement in the constitutional deprivation or a causal
26 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

1 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
2 (9th Cir. 1978).

3       To state a claim that the conditions of imprisonment violate the Eighth Amendment
4 prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was
5 deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or
6 safety. *See Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991); *Rhodes v. Chapman*, 452 U.S. 337,
7 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk
8 of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v.*
9 *McKinney*, 509 U.S. 25, 36 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

10       Further, to state a claim defendants provided constitutionally inadequate medical care,
11 plaintiff must allege acts or omissions evidencing identified defendants knew of and disregarded
12 plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer*, 511 U.S.
13 at 835-37 ("the official must both be aware of facts from which the inference could be drawn that
14 a substantial risk of serious harm exists, and he must also draw the inference"). Neither
15 defendant's negligence nor plaintiff's general disagreement with the treatment he received
16 suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390,
17 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).

18       Plaintiff names the Sacramento County Sheriff's Department as a defendant. However,
19 "[a] local governmental entity is liable under § 1983 when 'action pursuant to official municipal
20 policy of some nature cause[s] a constitutional tort.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74
21 (9th Cir.1992) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978)). In addition, a
22 local governmental entity may be liable if it has a "policy of inaction and such inaction amounts
23 to a failure to protect constitutional rights." *Id.* at 1474 (citing *City of Canton v. Harris*, 489
24 U.S. 378, 388 (1989)); *see also Monell*, 436 U.S. at 690-91. The custom or policy of inaction,
25 however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, or "'deliberate
26 choice to follow a course of action . . . made from among various alternatives by the official or

4

officials responsible for establishing final policy with respect to the subject matter in question.'" *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).  If plaintiff intends to impose liability on the Sacramento County Sheriff's Department, a local entity, as opposed to the individual or individuals responsible for the alleged deprivations of his constitutional rights, plaintiff must allege some facts linking the named defendant to the violation complained of (e.g., a policy or practice, etc.).  As it stands, plaintiff's allegations do not support a claim against the Sacramento County Sheriff's Department.

      Plaintiff does not state a claim based upon his allegations of a delay in seeing an orthopedic doctor, not receiving adequate pain medication or being improperly housed in general population, because he does not allege any facts suggesting that any defendant acted with deliberate indifference with respect to these alleged violations.  However, his allegation that an unidentified deputy jerked plaintiff's arms behind his back and dragged him by handcuffs, despite the fact that plaintiff gave warning he was injured, and was bleeding profusely from his head, semi-conscious is altogether different.  These facts, if proven, would manifest deliberate acts performed with indifference to the pain and injury being inflicted.  Additionally, an unidentified doctor, for reasons unrelated to plaintiff's medical needs, allegedly laughed at and denied plaintiff's request for a referral to an orthopedic surgeon, even though an orthopedic doctor had recommended that plaintiff receive surgery immediately.  Liberally construed, these allegations state cognizable Eighth Amendment claims against these individuals, who are identified by plaintiff as "medical staff."  Although the factual allegations are adequate, plaintiff's failure to identify these persons presents another issue.

      The "medical staff" defendants are essentially Doe defendants, as it appears that the names of these defendants are unknown to plaintiff.  The use of Doe defendants is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Rather, Rule 15 provides the procedure that a plaintiff must follow to add a defendant whose identity is discovered subsequent to the filing of the complaint.  Further, unknown persons cannot be served

5

with process until they are identified by their real names.  Accordingly, plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).  The court will not investigate the names and identities of unnamed defendants.  If, in an amended complaint, plaintiff fails to provide true names for the Doe or "medical staff" defendants, and does not state a claim against any named defendant, this action will be dismissed without prejudice to suing the unknown defendants upon learning their identities.

For the foregoing reasons, the complaint is dismissed with leave to amend.  Any amended complaint must adhere to the following requirements:

It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

It must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must contain a caption including the name of the court and the names of all parties.  Fed. R. Civ. P. 10(a).

Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d at 607 (no "buckshot" complaints).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

Plaintiff must sign the complaint. Fed. R. Civ. P. 11(a). By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action

**IV.     Request for Medical Records and Request for Production of Documents**

On December 31, 2009 and on January 28, 2010, plaintiff requested that the court order that he be given copies of his medical records. Dckt. Nos. 6, 10. On June 17, 2010, plaintiff filed a request for production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. Dckt. No. 14.

Plaintiff's requests for medical records and request for production of documents are premature. Should the court order service of any amended complaint, and the identified defendant or defendants file an answer, the court will issue a discovery and scheduling order, at which point, plaintiff may request documents from defendant(s). Further, actual discovery requests, such as requests for production, should not be filed with the court "until there is a proceeding in which the document or proof of service is at issue. When required in a proceeding, only that part of the request and response that is in issue shall be filed." Local Rules 250.2-250.4. Plaintiff's request for production of documents is not at issue and will therefore be stricken from the docket.

**V.     Request for Appointment of Counsel**

Plaintiff has requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

**VI. Conclusion**

Accordingly, the court hereby ORDERS that:

1. Plaintiff's request to proceed in forma pauperis, docket no. 16, is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's requests for medical records, Dckt. Nos. 6, 10, are denied.

4. Plaintiff's request for production of documents, Dckt. No. 14, is stricken, and the Clerk of the Court is directed to make a notation to that effect.

5. Plaintiff's June 10, 2010 request for appointment of counsel is denied

6. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed/this action being dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: August 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9