IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT SCOTT MARCONNETT,

    Plaintiff,                    No. CIV S-09-3369 JAM EFB P

    vs.

SACRAMENTO COUNTY SHERIFF
DEPARTMENT, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

                                /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(17). *See* 28 U.S.C. § 636(b)(1). Defendants Aragon and Padilla ("defendants") move to dismiss plaintiff's first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth herein, the motion must be denied.

////

////

////

////

1

I.      **Plaintiff's Allegations**

This action proceeds on plaintiff's first amended complaint on his claims that defendants violated his civil rights by acting with deliberate indifference to his serious medical needs.[1] *See* Dckt. No. 20. Specifically, the amended complaint alleges the following:

On August 31, 2009, plaintiff was housed at the Rio Consumnes Correctional Center ("RCCC"). *Id*. at 1. While plaintiff was lying injured on his stomach, semi-conscious and bleeding profusely from his head, he heard a deputy approach him. *Id*. Plaintiff claims he yelled out "my head and neck!" to notify the deputy, later identified as defendant Aragon, of the nature of his injuries. *Id*. Aragon allegedly jerked plaintiff's arms behind his back and placed plaintiff in handcuffs. *Id*. Plaintiff then stated "my neck [and] shoulder." *Id*. Aragon then allegedly grabbed plaintiff by his handcuffs, and jerked plaintiff's arms towards his head. *Id*. Plaintiff felt something grind and tear in his right shoulder and yelled "ouch, my [] shoulder!" *Id*. at 2. While plaintiff was still on the ground, Aragon allegedly dragged plaintiff by his handcuffs. *Id*.

Plaintiff was subsequently evaluated by defendant Padilla, a physician working for RCCC, who put nine staples in the rear side of plaintiff's head and six stitches in the left temple area of his head. *Id*. Plaintiff claims that Padilla also evaluated his shoulder and ordered that he be taken to a hospital for X-rays. *Id*.

Upon his return to RCCC, plaintiff was supposed to see an orthopedist. *Id*. However, it was not until nearly two months later, on October 20, 2009, that plaintiff was transferred to the Sacramento County Main Jail to be examined by an orthopedic surgeon, Dr. Neblett. *Id*. Dr. Neblett allegedly asked plaintiff "why did it take so long for you to be seen?" *Id*. Dr. Neblett evaluated plaintiff and recommended immediate surgery on his shoulder. *Id*. at 2-3.

////

---

[1] This court's screening order found that plaintiff stated cognizable Eighth Amendment claims against defendants. Dckt. No. 21. Defendants correctly point out that as an alleged pretrial detainee, plaintiff's claims arise from the Fourteenth Amendment. However, as discussed herein, the same standards apply.

2

The next day, plaintiff was transferred back to RCCC. *Id*. He was evaluated by Padilla and requested to have a surgical consultation. *Id*. at 3. In response to plaintiff's request, Padilla allegedly laughed at plaintiff and said that he would not receive medical attention until he was transferred into the custody of the California Department of Corrections and Rehabilitation ("CDCR"). *Id*. Plaintiff claims that Padilla stated that he was not receiving surgery due to "the budget." *Id*. Plaintiff claims he is in extreme and debilitating pain and has not been provided adequate pain relievers. *Id*. at 3-4. Plaintiff also alleges that he was housed in general population with an injury that precludes him from protecting himself, and that he should have been housed in the medical unit until after his surgery. *Id*. at 4.

## II.     Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  The court need not accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is, however, entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**III.   Constitutional Standards**

To state a section 1983 claim for a constitutional violation based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth

Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* However, it is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

5

1  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
2  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
3  1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th
4  Cir. 2004).   It is well established that mere differences of opinion concerning the appropriate
5  treatment cannot be the basis of an Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d
6  330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**IV.   Discussion**

Defendants move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that plaintiff has failed to plead sufficient facts showing that they acted with deliberate indifference to plaintiff's serious medical needs.

    **A.   Defendant Aragon**

Defendants argue that plaintiff's claim against Aragon is deficient under Rule 12(b)(6) because plaintiff failed to allege that Aragon acted with the requisite mental intent.

In the complaint, plaintiff alleges that when Aragon approached him, he was lying on the ground, semi-conscious and bleeding profusely from his head. Dckt. No. 20 at 1.  Plaintiff claims that he yelled out "my head [and] neck" to inform Aragon of the nature of his injuries. *Id*. Aragon's alleged reaction was to handcuff plaintiff and violently jerk his arms towards his head, purportedly injuring plaintiff's shoulder. *Id*. at 1-2.  Plaintiff claims to have yelled out "ouch, my [] shoulder." Dckt. No. 20 at 2.  Allegedly, Aragon then proceeded to drag plaintiff by his handcuffs, lifting plaintiff's torso off the floor. *Id*.

Plaintiff's allegations, viewed in the light most favorable to him, plausibly state a claim that Aragon was deliberately indifferent to plaintiff's serious medical needs.  It can be reasonably inferred from plaintiff's allegations that Aragon was aware that plaintiff was injured, in significant pain, and required medical attention, and that instead of taking reasonable measures to ensure that plaintiff did not sustain further injury, Aragon responded with physical aggression, causing plaintiff further injury.  Plaintiff's allegations, if true, show that Aragon was

aware of and disregarded a substantial risk to plaintiff's health.  Thus, plaintiff has sufficiently alleged that Aragon acted with the requisite deliberate indifference.

Aragon contends, however, that plaintiff was required to plead more than deliberate indifference.  According to Aragon, plaintiff was required to allege that he acted maliciously and sadistically because Aragon's conduct was in reaction to a jail disturbance.  Defs.' Mot. to Dism., P. & A. in Supp. Thereof ("Defs.' P. & A.") at 3-4.  Where a plaintiff alleges that a condition of confinement inflicts unnecessary suffering, the plaintiff must show that prison officials were deliberately indifferent to his suffering.  *Jordan v. Gardner*, 986 F.2d 1521, 1528 (1993) (en banc).  However, where a prison official uses force to maintain order, a plaintiff must establish that the official acted "maliciously and sadistically for the very purpose of causing harm."  *Wilson v. Seiter*, 501 U.S. 294, 302 (1991) (internal quotation marks omitted) (quoting *Whitney v. Albers*, 475 U.S. 312, 320-21 (1986).  Under such circumstances, the higher standard is justified because prison officials "often must act immediately and emphatically to defuse a potentially explosive situation."  *Jordan*, 986 F.2d at 1528.  Here however, as noted below, the complaint satisfies either standard.

Aragon contends that the facts alleged in the amended complaint show the existence of exigent circumstances at the jail and that he needed to cuff plaintiff for officer safety.   Defs.' P. & A. at 3-4.  The amended complaint does not support Aragon's position.  The complaint does not provide underlying factual background to show how events led up to the defendant's actions which resulted in plaintiff's injury or whether there was some altercation at the jail.  The complaint merely alleges that plaintiff was lying injured on the floor when Aragon violently cuffed him and dragged him away by his handcuffs.  Dckt. No. 20 at 1-2.  Nothing in these allegations indicates that Aragon used force in an effort to maintain order.  Thus, plaintiff was not required to plead that Aragon acted maliciously and sadistically.

Even assuming, however, that Aragon's conduct was in response to a jail disturbance, plaintiff has sufficiently alleged that Aragon acted maliciously and sadistically.  As noted,

1  plaintiff alleges he was lying on his stomach, handcuffed, and bleeding from his head, when
2  Aragon allegedly violently jerked plaintiff's arms and dragged plaintiff away by the handcuffs,
3  despite plaintiff's obvious injuries and expressions of pain.  Dckt. No. 20 at 1-2.  These
4  allegations do not suggest that plaintiff posed a threat to prison officials or to other inmates.  Nor
5  do they suggest that other inmates posed a threat to plaintiff or that Aragon needed to quickly
6  remove plaintiff from the area for safety reasons.  Thus, the reasonable inference for such a
7  gratutious act of violence, if indeed it is proven to have occurred, is that Aragon's alleged
8  actions were done maliciously and sadistically for the purpose of inflicting pain or punishment.

9      Accordingly, the plaintiff has pled sufficient facts to state a claim against Aragon for
10 deliberate indifference to his serious medical needs, and it is therefore recommended that
11 defendants' motion to dismiss be denied as to this claim.

**B.    Defendant Padilla**

13     Defendants argue that plaintiff has failed to state a claim against Padilla because the
14 amended complaint fails to allege facts sufficient to show Padilla's deliberate indifference.

15     Padilla contends that plaintiff's allegations, even if accepted as true, only show that
16 Padilla and Dr. Neblett disagreed as to the appropriate course of treatment and that such a
17 difference in medical opinion does not amount to a constitutional violation.  Defs.' P. & A. at 6.
18 *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.2004) ("[T]o prevail on a claim involving
19 choices between alternative courses of treatment, a prisoner must show that the chosen course of
20 treatment was medically unacceptable under the circumstances and was chosen in conscious
21 disregard of an excessive risk to the prisoner's health.") (internal quotation marks omitted).

22     Plaintiff alleges that Dr. Neblett recommended that he immediately have surgery on his
23 shoulder.  Dckt. No. 20 at 2-3.  However, plaintiff does not claim that Padilla disagreed with this
24 recommendation or believed another course of treatment was more appropriate.  Rather, plaintiff
25 alleges that Padilla laughed at him and told him that he would not receive medical attention until
26 he was transferred into the custody of CDCR "due to the budget."  *Id*. at 3.  While these

allegations suggest that Padilla refused to provide plaintiff with surgery, they do not suggest that Padilla refused to provide the surgery because he disagreed with Dr. Neblett as to the appropriate course of treatment. Rather, they suggest that Padilla refused to provide the surgery for financial rather than medical reasons and the refusal of needed medical care was, indeed, deliberate. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986) (failure to provide treatment because of a tight budget can amount to deliberate indifference).

Padilla also contends that plaintiff's claim fails because the complaint does not allege that Padilla was personally responsible for any delay in plaintiff receiving surgery. Defs.' P. & A. at 6. Padilla argues that there are no facts showing that he prevented plaintiff from having surgery or that he had the ability to provide plaintiff surgery. *Id*. Viewing the complaint in the light most favorable to plaintiff, however, it sufficiently alleges that Padilla delayed plaintiff's receipt of necessary medical care. Plaintiff alleges that Dr. Neblett recommended that he have surgery on his shoulder, and that he was subsequently evaluated by Padilla. When plaintiff asked Padilla when he would have his surgical consultation, Padilla purportedly responded by laughing and stating that plaintiff would not receive any medical attention until he was transferred into the custody of the CDCR. Plaintiff's allegations suggest that Padilla, as plaintiff's treating physician, bore significant responsibility for delaying plaintiff's receipt of medical care. Whether factual discovery or trial will establish the contrary remains to be seen. However, the complaint adequately pleads Padilla's alleged role and responsibility in the deliberate withholding of needed medical treatment.

Padilla next argues that plaintiff's claim fails because the complaint does not contain allegations that plaintiff suffered further injury as a result of any delay in surgery. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (mere delay in medical treatment must lead to further injury to amount to deliberate indifference). Plaintiff alleges that on October 21, 2009, Padilla informed him that he would not be receiving medical treatment until transferred into the custody of CDCR. Dckt. 20 at 3. On December 8, 2009, plaintiff was

9

sentenced to state prison. Defs.' Mot. to Dism., Req. for Jud. Ntc. in Supp. Thereof (Dckt. No. 29-2)[2], No. 3. According to Padilla, plaintiff has failed to allege that he suffered further injury or experienced pain as a consequence of not receiving surgery between October 21, 2009 and December 8, 2009. Defs.' P. & A. at 5-6.

Defendants' argument attempts to trivialize plaintiff's allegations by focusing exclusively on plaintiff's claim that Padilla did not schedule him for a surgical consultation. But plaintiff does not simply allege that Padilla was deliberately indifferent because he failed to schedule him for a surgical consultation. Rather, plaintiff alleges that Padilla told him he would not receive the "medical attention needed" until he was transferred to CDCR, that Padilla did not provide plaintiff with adequate pain medication for his shoulder injury, and that plaintiff was left in extreme and debilitating pain as a result. The allegations against Padilla, viewed in the light most favorable to plaintiff, plausibly state a claim that Padilla was deliberately indifferent to plaintiff's serious medical needs. Padilla's alleged knowledge of plaintiff's pain, coupled with Padilla's alleged statements to plaintiff that plaintiff would not receive needed medical attention, including surgery, because of the budget, suggest that Padilla consciously disregarded plaintiff's serious medical needs.

Accordingly, the defendants' motion as to the claim against Padilla must be denied.

////

////

////

---

[2] Defendants' request for judicial notice of 1) the website for Deuel Vocational Institution of the CDCR, and 2) plaintiff's court records on the Sacramento County Superior Court website is granted. Judicial notice may be taken of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). A court may also take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). The facts that defendants request the undersigned to consider are from sources whose accuracy cannot be reasonably questioned.

## V. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' March 10, 2011 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE